# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| JAMES D. EWING | CIVIL ACTION NO. 06-2386 |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed *in forma pauperis* on December 21, 2006 by *pro se* petitioner James D. Ewing. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana , where he is serving a 40-year sentence imposed following his 1992 forcible rape conviction in the Fourteenth Judicial District Court, Calcasieu Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d), and because the claims are manifestly and obviously without merit.

### *Statement of the Case*

On July 9, 1992, petitioner was indicted by the Calcasieu Parish Grand Jury and charged with aggravated rape and aggravated crime against nature. [Doc. 1-7, p. 28]. On December 14, 1992, petitioner entered into a plea agreement and pled guilty to one count of forcible rape.

Based upon a joint recommendation by the prosecutor and the defendant, petitioner was sentenced to serve 40-years at hard labor with benefit of probation, parole, or suspension of sentence. [Doc. 1-6, pp. 4-11; Doc. 1-4, p. 29].

Petitioner did not appeal his conviction or sentence.[1]

On or about December 13, 1995, petitioner filed a *pro se* Application for Post-Conviction Relief in the Fourteenth Judicial District Court. [Doc. 1-4, pp. 17-20]. On or about December 14, 1995, petitioner, through counsel, Hardy M. Parkerson, filed another Application for Post-Conviction Relief in the Fourteenth Judicial District Court. [Doc. 1-4, pp. 11-16]. On or about January 24, 1996, petitioner and his attorney filed yet another pleading in support of the Application for Post-Conviction relief in the Fourteenth Judicial District Court.[2] [Doc. 1-4, pp. 1-10].

Sometime prior to April, 1996, his Application was denied and petitioner filed a Notice of Intent to seek writs of review in the Third Circuit Court of Appeals. On April 8, 1996, the trial judge signed an order directing petitioner to file his writ application in the appellate court within

---

[1] See doc. 1-1, paragraph 8 – In his petition for writ of habeas corpus, petitioner neither acknowledged nor denied taking an appeal; however, in his Application for Post-Conviction Relief filed in the Fourteenth Judicial District Court, he acknowledged that he did not appeal his conviction and sentence. See doc. 1-4, paragraph 10, p. 2

[2] In this pleading entitled "Restatement of Grounds for Application for Post-Conviction Relief" counsel argued the following claims for relief: (a) petitioner was not formally arraigned on the amended charge of forcible rape; (b) excessiveness of sentence; (c) conviction obtained in violation of due process; (d) ineffective assistance of counsel; (e) failure of the trial judge to consider Louisiana's sentencing guidelines; (f) failure of the trial judge to articulate reasons for sentencing; (g) petitioner was not advised of his constitutional rights prior to entering his guilty plea; (h) no factual basis for the plea in the record since the facts recited by the prosecutor are insufficient to establish petitioner's guilt; (i) record is devoid of any evidence of due diligence on the part of trial counsel who failed to file motion to suppress confession or any motions to test the sufficiency of the indictment and no evidence of trial preparation or the preparation of a defense; (j) ineffective assistance of counsel; (k) failure of counsel to file motion to suppress coerced confession; (l) petitioner was not informed of the elements of forcible rape prior to the entry of his plea; (m) petitioner's confession was coerced; (n) petitioner was denied the right to file a motion to suppress his confession; (o) ineffective assistance of counsel. [doc. 1-4, pp. 21-25].

thirty days of that order. [Doc. 1-6, p. 15].[3]

In due course, petitioner, through counsel, filed his writ application in the Third Circuit Court of Appeals. [Doc. 1-6, p. 1]. On April 15, 1996, counsel filed a "Supplemental Application for Writs." [Doc. 1-5, pp. 18-26].[4] On October 21, 1996 the Third Circuit Court of Appeals denied the writ application in an unpublished judgment. That court noted,

> There is no error in the trial court's ruling denying relator's applications for post-conviction relief as meritless. Additionally, the relator waived all nonjurisdictional pre-plea defects by pleading guilty to the reduced offense, including any errors regarding the amended bill of information, as well as the right to contest the evidence against the relator. *State v. Crosby*, 338 So.2d 584 (La. 1976). Also, the relator freely admitted his guilt in open court during the plea entry proceeding and agreed to accept the plea agreement with full knowledge of its consequences.
> Further, the relator cannot raise claims concerning sentencing matters in an application for post-conviction relief. *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96); 665 So.2d 1172. See *State of Louisiana v. James D. Ewing*, No. 96-00477 (La. App. 3 Cir. 10/21/96) (unpublished) [Doc. 1-6, p. 1]

On some unspecified date petitioner sought review in the Louisiana Supreme Court. On May 16, 1997, his writ application was denied. *State of Louisiana v. James D. Ewing*, 96-2801 (La. 5/16/1997), 693 So.2d 794. [See also Doc. 1-6, p. 2].

Sometime prior to June 17, 1997, petitioner filed a request for pardon or reduction of sentence in the Fourteenth Judicial District Court. On June 17, 1997, the District Court denied and dismissed the pleading based on the provisions of LSA C.Cr.P. art. 881 which prohibits a Louisiana court from amending a hard labor sentence once the sentence has been made executory. The court also denied the request for pardon based upon Louisiana law which vests

---

[3] Petitioner did not provide a copy of the Reasons for Judgment denying his Application for Post-Conviction Relief.

[4] Petitioner did not provide a copy of the original writ application.

that authority in the Governor.[5] [Doc. 1-6, p. 16].

On some unspecified date, presumably in the year 2000, petitioner filed a *pro se* "Petition for Writ of Habeas Corpus Ad Subjiciendum" in the Fourteenth Judicial District Court. [Doc. 1-5, pp. 10-17].[6] In this pleading petitioner referred to the June 2, 1992 report of Dr. E.E. McCanless [see Doc. 1-7, pp. 12-13] who examined the child-victim and concluded that there was no evidence of anal or vaginal penetration. [Doc. 1-5, p. 12]. The pleading is difficult to decipher, but a very liberal construction of the pleading suggests that petitioner argued claims of insufficiency of the evidence and ineffective assistance of counsel based upon the physician's conclusion that there was no evidence of penetration. [*id*.] On January 23, 2001, the District Judge denied an application for post-conviction relief that he noted was filed on January 11, 2001. [Doc. 1-4, pp. 38-39].[7]

On March 14, 2002, petitioner applied for writs in the Third Circuit Court of Appeals in the matter docketed as *State of Louisiana v. James D. Ewing*, No. 02-00315-KH. [Doc. 1-4, p. 42]. On August 6, 2002, the Third Circuit denied writs finding " no error in the trial court's ruling." *State of Louisiana v. James D. Ewing*, No. KH 02-00315 (La. App. 3 Cir. 8/6/2002) (unpublished). [See Doc. 1-6, p. 3]. On January 30, 2003, petitioner filed another writ application in the Third Circuit Court of Appeals in the matter entitled *State of Louisiana v.*

---

[5] Petitioner did not provide a copy of the "request."

[6] The undated, unsigned pleading submitted by petitioner as an exhibit was presumably filed sometime in the year 2000 since the date blanks on the verification and proposed order identify the year that the pleading was submitted as 2000.

[7] Petitioner did not provide a copy of this Application for Post-Conviction Relief; however, the Reasons for Judgment which he did provide establish that a post-conviction pleading was filed on January 11, 2001. The Reasons for Judgment may refer to the Petition for Writ of Habeas Corpus Ad Subjiciendum mentioned above, however, it is impossible to make that conclusion based upon the pleadings and exhibits now available to the court.

*James D. Ewing*, No. 03-00116-KH. [Doc. 1-4, p. 41].[8]

On September 23, 2004, petitioner filed a *pro se* Motion to Vacate Plea and Sentence in the Fourteenth Judicial District Court. [Doc. 1-6, pp. 17-22]. Petitioner argued three claims: (1) that the trial court did not comply with La. C.Cr.P. art. 556.1 because there was no evidence to support petitioner's plea; (2) petitioner's confession was unlawfully obtained; and, (3) petitioner's court-appointed counsel rendered ineffective assistance when she failed to inform petitioner of the doctor's report which found no evidence of penetration. [*id.*][9]

On July 31, 2006, petitioner filed a *pro se* "Motion for Forensic DNA Testing" in the Fourteenth Judicial District Court. [Doc. 1-7, pp. 1-6]. On December 12, 2006, the District Court denied petitioner's motion and noted, "The record reflects that the petitioner confessed to the charges in the above entitled matter. Therefore, there is no basis to order DNA testing. Additionally, there appears to be no physical evidence to test." [Doc. 1-8, p. 2]. Petitioner has not alleged, nor do the exhibits suggest that he sought further review of this order.

The instant petition was signed on December 19, 2006 and mailed on that same date. [Doc. 1-1, pp. 16-17]. It was received and filed on December 21, 2006. In a separate memorandum filed on the same date, petitioner raised the following claims for relief: (1) "The Judge did not properly comply with Article 556.1 . . . by insuring that there was evidence to support defendant's plea. Along with this defendant claims his plea was involuntary and unintelligently given as a result of threats, and coercion . . . ; (2) Defendant Ewing contests the

---

[8] Petitioner did not provide any of the pleadings associated with the writ notices and judgments.

[9] Petitioner has not alleged the results of this proceeding and has not provided copies of the trial court's judgment. Further petitioner has not alleged whether or not he sought further review of these claims in the appellate courts of Louisiana.

use of his unlawfully obtained written confession . . .; (3) Defendant Ewing's plea was the result of ineffective assistance of counsel from his court appointed public defender . . . It was her failure to inform her client of the Doctor's report . . . showing that his daughter had not been penetrated . . . ." [Doc. 1-3].

*Law and Analysis*

*1. 28 U.S.C. § 2244(d)(1)(A) and the "Grace Period"*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[10] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper

---

[10] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B) or (C) of §2244(d)(1). Clearly, he has pointed to no state created impediments which prevented him from filing the instant petition. Nor does he suggest reliance on "... the date on which the constitutional right asserted was initially recognized by the Supreme Court..." To the extent that he implies that the period of limitations should be reckoned from the date described in subsection (D), that assertion will be addressed in Part 2, below.

6

filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Ewing, whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra.* If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

As shown above, petitioner did not appeal his conviction and sentence. Therefore, petitioner's judgment of conviction and sentence became final in December, 1992 when the delays for appeal provided by La. C.Cr.P. art. 914 lapsed.[11] Since his conviction became final

---

[11] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

7

prior to the April 1996 effective date of the AEDPA, petitioner must be afforded the one-year grace period.

Further, petitioner litigated post-conviction claims in the Louisiana courts during the period between December 1995, the date he filed his first Application for Post-Conviction Relief in the Fourteenth Judicial District Court and May 16, 1997, the date that the first round of post-conviction proceedings ceased to be pending as a result of the Supreme Court's writ denial. [See *State of Louisiana v. James D. Ewing*, 96-2801 (La. 5/16/1997), 693 So.2d 794]. Since the post-conviction litigation which commenced before the effective date of the AEDPA was on-going until May 16, 1997, petitioner's AEDPA limitations period should be reckoned at the earliest from that date. Further, petitioner's request for pardon or reduction of sentence remained pending in the District Court until June 17, 1997. [Doc. 1-6, p. 16]. That proceeding probably does not qualify as a post-conviction or other collateral attack so as to warrant statutory tolling pursuant to §2244(d)(2), nevertheless, for the purposes of this Report, and giving the petitioner the benefit of any doubt, the undersigned assumes that the AEDPA limitations period commenced on June 17, 1997 and therefore expired on June 17, 1998.

Based on the pleadings and exhibits, it does not appear that petitioner had any post-conviction proceedings pending during that period. He waited until, at the earliest, sometime in the year 2000[12] to commence his second round of post-conviction litigation [Doc. 1-5, pp. 10-17], but by that time, the AEDPA limitations period had already long expired and could not be revived by this filing since any lapse of time before the proper filing of an application for post-

---

[12] As shown above, the copy of petitioner's Petition for Writ of Habeas Corpus Ad Subjiciendum which he submitted is undated. Nevertheless, since the date blanks on the docket identify the year as 2000, that year must be the <u>earliest</u> date that the pleadings could have been filed.

8

conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). In other words, if the AEDPA limitations period is reckoned from finality of judgment as defined by 28 U.S.C. §2244(d)(1)(A) and the "grace period,' defined by the jurisprudence, petitioner's federal *habeas* petition is time-barred and dismissal on that basis is recommended.

*2. Timeliness under § 2244(d)(1)(D)*

However, petitioner implies that the timeliness of his *habeas* petition should be reckoned in accordance with 28 U.S.C. §2244(d)(1)(D) which provides that the one-year limitations period may be reckoned from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In other words, petitioner implies that his late discovery of Dr. McCanless's June 12, 1992 report which found "no evidence of penetration" should trigger the statutory tolling provision of §2244(d)(1)(D).

Unfortunately, petitioner does not allege when he discovered this evidence. Nevertheless, he admits, and his exhibits tend to confirm, that his attorney had a copy of the report in 1992, prior to the time that petitioner entered his plea.[13] Thus, insofar as petitioner seeks to rely on §2244(d)(1)(D), the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence, he cannot demonstrate that neither he nor his attorney had knowledge of the results of the medical examination at the time of his guilty plea. Petitioner's own pleadings confirm that his attorney had a copy of the report. [Doc. 1-3, p.

---

[13] See doc. 1-5, pp. 48-50, Motion for Discovery and Inspection filed on behalf of petitioner on August 11, 1992. Therein counsel requested permission to "... inspect and copy ... any results or reports ... of physical ... examination ... made in connection with or material to this particular case..." [*id*., p. 49, paragraph VI]. The State answered the request for Discovery on September 25, 1992 and apparently attached a copy of the victim's medical report to the response. [see doc. 1-5, p. 46, paragraph 6, "Victim's medicals are attached."] What purports to be the results of the physical examination have also been provided. [doc. 7-1, pp. 12-13]

9

3].

Further, in order to be eligible for tolling under §2244(d)(1)(D), petitioner may not rely simply on the date that the newly discovered facts became known; he must show when these facts <u>could have become known through the exercise of due diligence</u>. In the context of the AEDPA, the terms "due diligence" have been clearly defined. In *Johnson v. Dretke*, 442 F.3d 901, 908 (5th Cir. 2006), the court made the following observation about the term as it is used in the context of second and successive *habeas* petitions, " due diligence is measured against an <u>objective</u> standard, as opposed to the subjective diligence of the particular petitioner of record. The burden to make such a showing, of course, remains the petitioner's. [citations omitted; emphasis supplied]." To paraphrase the court, the plain language of the statute requires that we determine not whether petitioner has shown that the subject evidence could not have been discovered previously through petitioner's exercise of due diligence but instead whether the subject evidence could have been discovered previously through the exercise of due diligence. *Id.*

Based upon the evidence submitted by petitioner, the undersigned must conclude that petitioner's attorney had possession of the medical evidence prior to the date petitioner pled guilty. Petitioner admits that the evidence was in his attorney's file. There can be no question but that the document was wholly available to petitioner, and, that the evidence <u>could</u> have been discovered with the exercise of due diligence long before the date petitioner ultimately discovered it. Compare *Balagula v. United States*, 73 F. Supp.2d 287 (E.D.N.Y. 1999).

Further, to the extent that petitioner might rely upon the belated discovery of Dr. McCanless's report to extend the § 2244(d)(1) limitations period, his reliance is misplaced. Petitioner confuses his <u>knowledge</u> of the factual predicate of his claim with the time permitted

for gathering the evidence to support his claim. The factual predicate of his claim for relief is essentially a claim of "actual innocence" – his claim that he did not sexually penetrate the victim. It stands to reason that petitioner was "aware" of his "innocence" at the time of his plea. In other words, the doctor's report formed no part of the factual predicate to petitioner's present claims for relief. The implication that the one-year period of limitations did not begin to run until the unspecified date he discovered the document is without merit because §2244(d)(1)(D) does not convey a statutory right to an extended delay while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

In short, petitioner's *habeas corpus* claims are time-barred regardless of the reckoning period used and dismissal of the petition on that basis is recommended.

### *3. Merits*

Finally, even if petitioner's *habeas* petition had been timely filed, his claims would fare no better. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of *habeas* petitions by the court and further states, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "...under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Petitioner's petition for *habeas corpus* is patently and manifestly frivolous.

11

In Claim One, petitioner argued that the trial judge did not comply with Louisiana law when accepting the plea. Petitioner is entitled to *habeas corpus* relief only if he demonstrates that his conviction violated the Constitution or laws of the United States. See 28 U.S.C. §2254.

Further, to the extent that petitioner maintains that there was no factual basis for his plea, that claim is refuted by the very record he has submitted. First, during the plea colloquy, the district judge asked the prosecutor to provide a factual basis for the plea and the prosecutor replied, "Your Honor, defendant has given a written confession, having sexually abused his daughter over a period of years. He admitted to having incidents which involved sexual – which culminated in sexual intercourse on at least one occasion wherein he placed his penis inside her vagina when she was six years old. Is that correct, sir?" To which petitioner responded, "Yes, sir." The Judge asked again if those facts were correct and petitioner responded again, "Yes, sir." [Doc. 1-6, p. 10].

Further, to the extent that he continues to rely on the doctor's finding of " no evidence of penetration" that reliance is misplaced. Under Louisiana law, "[e]mission is not necessary, and any sexual penetration . . . however slight, is sufficient to complete the crime." LSA R.S.14:41. According to the affidavit of the social worker who investigated this case, the child victim claimed that her father opened her vagina and put his penis in it. [Doc. 1-7, p. 18]. Moreover, petitioner confessed that he "put the head of his penis in her vagina..." [Doc. 1-7, pp. 23-24] and, that, "I was trying to put my penis inside of her vagina and she told me that it hurt so I quit. I think I might have got just the tip of my penis inside of her when she told me that it hurt and so I quit..." [id., p. 25].

Under Louisiana law, the fact that there was no physical evidence of sexual intercourse,

was irrelevant since both the victim and the perpetrator admitted that penetration, albeit slight, had occurred. See *State v. Sago*, 591 So.2d 1356 (La. App. 4 Cir. 1991); *State v. Pontiff*, 604 So.2d 71 (La. App. 3 Cir. 1992); *State v. Peters*, 441 So.2d 403 (La. App. 4 Cir. 1983); *State v. Bertrand*, 461 So.2d 1159, 1161 (La.App. 3 Cir.1984), *writ denied*, 464 So.2d 314 (La.1985); *State v. Ross*, 2003-0564 (La.App. 3 Cir. 12/17/03), 861 So.2d 888, *writ denied*, 2004-0376 (La. 6/25/04), 876 So.2d 829; *State v. Waguespack*, 2006-410 (La.App. 3 Cir. 9/27/06), 939 So.2d 636.

Petitioner also claims that his plea was involuntary, and given as a result of threats and coercion. Of course, this claim is specifically refuted by the record before the court. During the plea colloquy, petitioner affirmed that he had "not been induced to plead guilty or sign this statement by any threat, pressure or force, my actions being entirely free and voluntary." He also denied that he was threatened or pressured or forced in any way to enter the guilty plea. [Doc. 1-6, p. 8]. Although a habeas petitioner's attestations to voluntariness are not an absolute bar to raising such claim, such petitioners face a heavy burden in proving that they are entitled to relief because their testimony in open court carries a strong presumption of verity. See *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). In other words, federal *habeas* courts are obliged to afford "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir.2002). Other than his self-serving and conclusory statements to the contrary, the only evidence relative to the voluntariness of petitioner's plea is contained in the plea colloquy. Under these circumstances, it plainly appears that petitioner is unable to establish his claim of threats and coercion.

In Claim Two, petitioner contends that his confessions were unlawfully induced and in

13

violation of unspecified constitutional rights. However, as shown above, considering the transcript of the plea colloquy, and in the absence of any evidence to the contrary, the undersigned must conclude that petitioner's guilty plea was knowing and voluntary. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. See *Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973); *Rogers v. Maggio*, 714 F.2d 35, 38 (5th Cir.1983). This includes claims alleging *Miranda* violations such as are alleged herein. See *McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)(a valid guilty plea waives a host of constitutional rights, including the right to contest the admissibility of a confession).

Finally, petitioner claims that his court-appointed counsel rendered ineffective assistance when she failed to apprise the petitioner of the doctor's report and its finding concerning penetration. To prevail on a claim of ineffective assistance, a *habeas* petitioner must satisfy the two-pronged test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show (1) that counsel rendered deficient performance and (2) that counsel's deficiency resulted in actual prejudice. With respect to the second, "prejudice" prong, "a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Washington*, 466 U.S. at 696, 104 S.Ct. 2052. To satisfy the prejudice requirement in the context of a contested guilty plea, the *habeas* petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Petitioner relies upon the examining physician's finding of "no evidence of penetration"

14

and contends that his attorney was ineffective when she failed to inform him of this finding. As shown above, the factual and legal basis of this claim is without merit. The lack of "evidence of penetration" while relevant, was in no way dispositive under Louisiana law since the victim and the petitioner both stated that penetration had occurred. Thus, it seems highly unlikely that petitioner would have rejected the plea and risked an almost certain aggravated rape conviction and the mandatory life sentence that would have been imposed.

*4. Conclusion and Recommendation*

In other words, petitioner's claims for relief, even if they are not time-barred, are manifestly without merit and dismissal on either basis is appropriate.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d), and because the claims are manifestly and obviously without merit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, February 2, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE